IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ELISEO C. JIMENEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CV788 |
| | ) | |
| HORRY COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal immigration detainee, submitted a document using the forms for a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. However, that form is for attacks on federal convictions or sentences and it appears that Petitioner seeks to attack a state court criminal conviction from Horry County, South Carolina. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus under 28 U.S.C. § 2254. For this reason, the Court will construe the submission as such a petition. For the following reasons, the Petition cannot be further processed.

1. Petitioner did not use the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases.

2. Petitioner's claims are somewhat unclear, and it is not clear whether Petitioner seeks to attack his state court conviction or his detention by federal immigration authorities.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1]

The Court also notes that it appears that Petitioner was convicted and sentenced in Horry County, within the territorial jurisdiction of the United States District Court for South Carolina. Therefore, the District of South Carolina has jurisdiction over the case. Petitioner should seek the proper forms from the Clerk of that district and file a habeas petition in that district. The address for the Clerk is: Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, SC 29201. Further, in accordance with § 2241(a) and 28 U.S.C. § 1406(a), a § 2254 Petition filed in this District would likely be transferred to the United States District Court for the District of South Carolina. If Plaintiff files a § 2254 Petition

---

[1] Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. See generally Castro v. United States, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a petition. Any such filing must be timely and, to the extent there are any issues regarding the running of the statute of limitations in this case, the parties can litigate those issues following any refiling by Petitioner. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.

in this District, he should address whether the case should be transferred to the District of South Carolina.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to Petitioner filing a new petition which corrects the defects of the present Petition.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition and is filed in the proper court.

This, the 28th day of September, 2017.

/s/ Joi Elizabeth Peake
United States Magistrate Judge